**CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**
Todd D. Carpenter (CA 234464)
402 West Broadway, 29th Floor
San Diego, California 92101
Telephone: (619) 756-6994
Facsimile: (619) 756-6991
tcarpenter@carlsonlynch.com

Edwin J. Kilpela
Gary F. Lynch
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
ekilpela@carlsonlynch.com
glynch@carlsonlynch.com

**ZAVERI TABB, APC**
Deval R. Zaveri (CA 213501)
402 W. Broadway, 29th Floor
San Diego, California 92101
Tel:  (619) 398-4768
Fax:  (619) 342-8020
dev@zaveritabb.com

*Attorneys for Plaintiff and Proposed Class Counsel*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

COURTNEY DENNIS, on behalf of herself and all others similarly situated,

Plaintiff,

vs.

RALPH LAUREN CORPORATION, a Delaware corporation, RALPH LAUREN RETAIL, INC., a Delaware corporation, and DOES 1- 20, inclusive,

Defendants.

Case No.  **'16 CV 1056 WQH BGS**

## CLASS ACTION COMPLAINT

1. **Violation of California's Unfair Competition Laws ("UCL"); California Business & Professions Code Sections 17200,** *et seq.*

2. **Violation of California's False Advertising Laws ("FAL"); California Business & Professions Code Sections 17500,** *et seq.*

3. **Violations of California Consumer Legal Remedies Act ("CLRA"); Civ. Code § 1750,** *et seq.*

**[DEMAND FOR JURY TRIAL]**

Plaintiff COURTNEY DENNIS brings this action on behalf of herself and all others similarly situated against Defendant RALPH LAUREN CORPORATION and Defendant RALPH LAUREN RETAIL, INC. (collectively "Defendants"), and states:

## I.    NATURE OF ACTION

1.    This is a class action regarding Defendants' false and misleading advertisement of "market" prices, and corresponding phantom "savings," on clothing and fashion apparel sold in its retail outlet stores.  During the Class Period (defined below), Defendants advertised false price discounts for merchandise sold throughout their retail outlet stores.

2.    During the Class Period, Defendants continually misled consumers by advertising clothing and fashion apparel at discounted, "savings" prices.  Defendants would compare the "sale" prices to false "market" prices, which were misrepresented as the "market" retail prices from which the "savings" was discounted.  The advertised discounts were nothing more than mere phantom markdowns because the represented market prices were artificially inflated and were not the original or "market" prices for clothing and fashion apparel sold at Defendants' retail outlet stores.  In addition, the represented "market" prices were not the prevailing marketing retail prices within three months next immediately preceding the publication of the advertised former prices, as required by California law.

3.    Defendants convey their deceptive pricing scheme to consumers through promotional materials, in-store displays, and print advertisements. For example, in Defendants' retail outlet stores, the pricing scheme is prominently displayed, advertising deep discounts, including "40% off" various items throughout the store.

4.    The purported "market prices" never existed and/or did not constitute the prevailing market retail prices for such products within the three months immediately preceding the publication of the sales tag.  The difference between the "sale" and "regular" prices is a false savings percentage used to lure consumers into purchasing products they believe are significantly discounted.

5.     Through their false and misleading marketing, advertising and pricing scheme, Defendants violated, and continue to violate California law prohibiting advertising goods for sale as discounted from former prices which are false, and prohibiting misleading statements about the existence and amount of price reductions.  Specifically, Defendants violated, and continue to violate, California's Business & Professions Code §§ 17200, *et seq.* (the "UCL"), California's Business & Professions Code §§ 17500, *et seq.* (the "FAL"), the California Consumers' Legal Remedies Act, California Civil Code §§ 1750, *et seq.* (the "CLRA"), and the Federal Trade Commission Act ("FTCA"), which prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and false advertisements.  15 U.S.C. § 52(a).

6.     Plaintiff brings this action on behalf of herself and all other similarly situated consumers who have purchased from Defendants' retail outlet stores, one or more items of clothing and fashion apparel that was or were deceptively represented as discounted from false former prices.  Plaintiff brings this action in order to halt the dissemination of this false, misleading, and deceptive price scheme; correct the false and misleading perception it has created in the minds of consumers; and to obtain redress for those who have purchased these products.  Plaintiff seeks restitution and other equitable remedies, including an injunction under the UCL and FAL; and restitution, damages, and an injunction under the CLRA.

## II.     JURISDICTION AND VENUE

7.     This Court has original jurisdiction of this Action pursuant to the Class Action Fairness Act, 28 U.S.C §1332 (d)(2).  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and at least some members of the proposed Class have a different citizenship from Defendants.

8.     The Southern District of California has personal jurisdiction over the Defendants named in this action because Defendants are corporations or other business entities authorized to conduct and do conduct business in the State of California.

Defendants also are registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California.  Defendants intentionally avail themselves of the California market through the ownership and operation of numerous Ralph Lauren outlet and retail stores within the State of California.

9.      Venue is proper under 18 U.S.C. §1965(a) because Defendants transact substantial business in this District, and a substantial part of the events giving rise to Plaintiff's claims arose in this District.

III.   **PARTIES**

**Plaintiff**

10.      COURTNEY DENNIS resides in San Diego, California.  Plaintiff, in reliance on Defendants' false and deceptive advertising, marketing and "discount" pricing schemes, purchased a children's polo shirt for her daughter for $44.99 (with sales tax, $48.59) on or around November 19, 2015, at a Ralph Lauren Polo Factory Store located in Carlsbad, California.  The shirt was advertised as having an original, or "market," price of $74.99.  That price was purportedly discounted and represented to Plaintiff as "40% off" according to the price tag and related signage.  However, this product was not offered for sale at $74.99 at Defendants' retail outlet store, nor was it offered at that price within the 90-day time period immediately preceding Plaintiff's purchase.  Therefore, Ms. Dennis was damaged by her purchase of the product.

**Defendant**

11.      Plaintiff is informed and believes, and upon such information and belief alleges, Defendant Ralph Lauren Corporation is a Delaware corporation with its principal executive offices in New York, New York.

12.      Plaintiff is informed and believes, and upon such information and belief alleges, Defendant Ralph Lauren Retail, Inc. is a Delaware corporation with its principal executive offices in New York, New York.

13.      Defendants operate Ralph Lauren and related outlet Ralph Lauren Polo

Factory stores as well as the ralphlauren.com website, and advertise, market, distribute, and/or sell clothing and clothing accessories in California and throughout the United States.

14.    Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1-20, inclusive, and therefore sues such Defendants by such fictitious names.  Plaintiff is informed and believes, and upon such information and belief alleges, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff and the Class members as alleged herein.  Plaintiff will amend this Complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

## IV.   FACTUAL BACKGROUND

15.    On or around November 19, 2015, Plaintiff went shopping at the Ralph Lauren Polo Factory store in Carlsbad, California to purchase clothing and related apparel for herself and her family.  Upon examining a particular children's polo shirt, she observed that the shirt were advertised at "40% off."  Plaintiff observed signage within the store and the price tag on the shirt which represented that the shirt was "40% off."  Believing that she was receiving a significant value by purchasing polo shirt for $44.99 that had an original or "market" price of $74.99, she decided to purchase the shirt and proceeded to the cash register where she did in fact purchase the shirt.

16.    Specifically, relying upon Defendants' misrepresentations and false and deceptive advertising, Plaintiff purchased the shirt for $44.66 (with sales tax, $48.59). The price tag indicated the original or "market" price of the shirt was "$74.99," and that they were being offered at a discount, described as 40% off.  These purported "market" prices and corresponding price "discounts" and savings were false and misleading, as the prevailing retail price for the shirt during the three months immediately prior to Plaintiff's purchase was not the $74.99 "market" price advertised by Defendants.

17.    Plaintiff would not have purchased the shirt without the misrepresentations made by Defendants.  As a result, Plaintiff has been personally victimized by and suffered

economic injury as a direct result of Defendants' unlawful, unfair and fraudulent conduct.

**18.** Defendants know that their comparative price advertising is false, deceptive, misleading and unlawful under California law.

**19.** Defendants fraudulently concealed from and intentionally failed to disclose to Plaintiff and other members of the proposed class the truth about its advertised price and former prices.

**20.** At all relevant times, Defendants have been under a duty to Plaintiff and the proposed class to disclose the truth about their false discounts.

**21.** Plaintiff relied upon Defendants' artificially inflated "market" price and false discounts when purchasing the polo shirt at Defendants' Polo Factory store.  Plaintiff would not have made such purchases but for Defendants' representation of the fabricated original "market" prices and false discounts.

**22.** Plaintiff and the Class reasonably and justifiably acted and relied on the substantial price differences that Defendants advertised, and made purchases believing that they were receiving a substantial discount on an item of greater value than it actually was. Plaintiff, like other class members, was lured in, relied on, and damaged by these pricing schemes that Defendants carried out.

**23.** Defendants intentionally concealed and failed to disclose material facts regarding the truth about false former price advertising in order to provoke Plaintiff and the proposed class to purchase Ralph Lauren branded products in its Polo Factory store and/or retail outlet stores and/or on its Internet website.

## V.   CLASS ALLEGATIONS

**24.** Plaintiff brings this action on behalf of herself and all other similarly situated Class members pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class against Defendants for violations of California state laws:

All individuals in the State of California who, within the applicable statute of

limitations preceding the filing of this action, purchased apparel at a discount at one of Defendants' Polo Factory stores and/or retail outlet stores.

Excluded from the Class are Defendants and their past and present officers, directors, employees, agents, and affiliates; Class counsel and their employees; and any judge who presides over this action as well as his/her staff. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

25. ***Numerosity***: The class members are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that the proposed Class contain thousands of individuals who have been damaged by Defendants' conduct as alleged herein. The precise number of Class members is unknown to Plaintiff.

26. ***Existence and Predominance of Common Questions of Law and Fact***: This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

    **a.** Whether, during the Class Period, Defendants used false "market" or "original" price labels and falsely advertised price discounts on their Ralph Lauren branded products they sold in their Polo Factory store and/or retail outlet stores;

    **b.** Whether, during the Class Period, the "original" or "market" prices advertised by Defendants were the prevailing market prices for the respective Ralph Lauren branded products during the three month period preceding the dissemination and/or publication of the advertised former prices;

    **c.** Whether Defendants' alleged conduct constitutes violations of the laws asserted;

    **d.** Whether Defendants engaged in unfair, unlawful and/or fraudulent

business practices under the laws asserted;

    **e.**    Whether Defendants engaged in false or misleading advertising;

    **f.**    Whether Plaintiff and Class members are entitled to damages and/or restitution and the proper measure of that loss; and

    **g.**    Whether an injunction is necessary to prevent Defendants from continuing to use false, misleading or illegal price comparison.

**27.**    *Typicality*:  Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class members have been deceived (or were likely to be deceived) by Defendants' false and deceptive price advertising scheme, as alleged herein. Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the class.

**28.**    *Adequacy*:  Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no antagonistic or adverse interest to those of the Class.

**29.**    *Superiority*: The nature of this action and the nature of laws available to Plaintiff and the Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to her and the class for the wrongs alleged.  The damages or other financial detriment suffered by individual Class members is relatively modest compared to the burden and expense that would be entailed by individual litigation of their claims against Defendants.  It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them.  Absent the class action, Class members and the general public would not likely recover, or would not likely have the chance to recover, damages or restitution, and Defendants will be permitted to retain the proceeds of its fraudulent and deceptive misdeeds.

**30.**    All Class members, including Plaintiff, were exposed to one or more of Defendants' misrepresentations or omissions of material fact claiming that former original

or "market" advertised prices were in existence.  Due to the scope and extent of Defendants' consistent false "discount" price advertising scheme, disseminated in a years-long campaign to California consumers via a number of different platforms – in-store displays, print advertisements, etc. – it can be reasonably inferred that such misrepresentations or omissions of material fact were uniformly made to all members of the Class.  In addition, it can be reasonably presumed that all Class members, including Plaintiff, affirmatively acted in response to the representations contained in Defendants' false advertising scheme when purchasing Ralph Lauren branded merchandise at Defendants' Polo Factory store and/or retail outlet stores.

31.     Defendants keep extensive computerized records of its customers through, *inter alia*, customer loyalty programs and general marketing programs.  Defendants have one or more databases through which a significant majority of Class members may be identified and ascertained, and they maintain contact information, including email and home addresses, through which notice of this action could be disseminated in accordance with due process requirements.

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Violation Unfair Competition Law
### Business and Professions Code § 17200 et seq.

32.     Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

33.     The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.  Cal. Bus. Prof. Code § 17200.

34.     The UCL imposes strict liability.  Plaintiff need not prove that Defendants intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices – but only that such practices occurred.

35.     A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications and motives of the practice against the gravity of the harm to the alleged victims.

36.     Defendants' actions constitute "unfair" business acts or practices because, as alleged above, Defendants engaged in misleading and deceptive price comparison advertising that represented false original or "market" prices and "discount" prices that were nothing more than fabricated market prices leading to phantom markdowns.  Defendants' acts and practices offended an established public policy, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

37.     The harm to Plaintiff and Class members outweighs the utility of Defendants' practices.  There are and were reasonably available alternatives to further Defendants' legitimate business interests, other than the misleading and deceptive conduct described herein.

38.     A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

39.     A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

40.     Defendants' acts and practices alleged above have deceived Plaintiff and are highly likely to deceive members of the consuming public.  Plaintiff relied on Defendants' fraudulent and deceptive representations regarding its "market" prices for Ralph Lauren branded products that Defendants sell at their Polo Factory store and/or other retail outlet stores.  These misrepresentations played a substantial role in Plaintiff's decision to purchase merchandise at a steep discount, and Plaintiff would not have purchased such merchandise without Defendants' misrepresentations.

41.     The FTCA prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and prohibits the dissemination of any false advertisements.  15 U.S.C. § 52(a).  Under the FTC, false former pricing schemes, similar

to the ones implemented by Defendants, are described as deceptive practices that would violate the FTCA:

(a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious – for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects. In such a case, the "reduced" price is, in reality, probably just the seller's regular price.

(b) A former price is not necessarily fictitious merely because no sales at the advertised price were made. The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of her business, honestly and in good faith – and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based.

16 C.F.R. § 233.1.

**42.**     California law also expressly prohibits false former pricing schemes. Cal. Bus. & Prof. Code §17501, entitled "*Value determinations; Former price advertisement,*" states:

For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.

**No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement** or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement. [Emphasis added.]

43.   As detailed in Plaintiff's Third Cause of Action below, Cal. Civ. Code § 1770(a)(9), prohibits a business from "[a]dvertising goods or services with intent not to sell them as advertised," and subsection (a)(13) prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."

44.   Defendants' practices, as set forth above, have misled Plaintiff, the proposed class, and the general public in the past and will continue to mislead in the future. Consequently, Defendants' practices constitute an unlawful an unfair business practice in within the meaning of the UCL.

45.   Defendants' violation of the UCL through its unlawful, unfair and fraudulent business practices are ongoing and present a continuing threat that members of the public will be deceived into purchasing products based on price comparisons of arbitrary and inflated original or "market" prices to "sale" prices that created merely phantom markdowns and led to financial damage for consumers, like Plaintiff and the proposed Class.

46.   Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants to cease this unfair competition, as well as disgorgement and restitution to Plaintiff and the Class of all of Defendants' revenues associated with its unfair competition, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION
### Violation of the California False Advertising Law,
### California Business & Professions Code § 17500, *et seq.*

47.   Plaintiff repeats and re-alleges the allegations contained in every preceding

paragraph as if fully set forth herein.

48. Cal. Bus. & Prof. Code § 17500 provides that "[i]t is unlawful for any…corporation…with intent…to dispose of…personal property…to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated…from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement…which is <u>untrue</u> or <u>misleading</u>, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading…." [Emphasis added].

49. The "intent" required by Cal. Bus. & Prof. Code § 17500 is the intent to dispose of property, and not the intent to mislead the public in the disposition of such property.

50. Similarly, this section provides, "no price shall be advertised as a former price of any advertised thing, unless the alleged former prices was the prevailing market price…within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement." Cal Bus. & Prof. Code § 17501.

51. Defendants' routine of advertising discounted prices from false "market" prices associated with its Ralph Lauren Polo Factory store and other retail outlet products which were not the true prevailing "market" prices of those products and were materially greater than the true prevailing prices was an unfair, untrue and misleading practice. This deceptive marketing practice gave consumers the false impression that the products were regularly sold on the market for a substantially higher price than they actually were, therefore leading to the false impression that the Ralph Lauren branded products were worth more than they actually were.

52. Defendants misled consumers by making untrue and misleading statements and failing to disclose what is required as stated in the Code, as alleged above.

53. As a direct and proximate result of Defendants' misleading and false advertisements Plaintiff and Class members have suffered injury in fact and have lost

money.  As such, Plaintiff requests that this Court order Defendants to restore this money to Plaintiff and all Class members, and to enjoin Defendants from continuing these unfair practices in violation of the UCL in the future.  Otherwise, Plaintiff, Class members and the broader general public will be irreparably harmed and/or denied an effective and complete remedy.

**THIRD CAUSE OF ACTION**
**Violation of the Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code § 1750, *et seq*.**

54.    Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

55.    This cause of action is brought pursuant to the Consumers Legal Remedies Act (CLRA), California Civil Code § 1750, et seq. and similar laws in other states.  Plaintiff and each member of the proposed class are "consumers" as defined by California Civil Code § 1761(d).  Defendants' sale of Ralph Lauren branded products at its Polo Factory store and/or other retail outlet stores to Plaintiff and the Class were "transactions" within the meaning of California Civil Code § 1761(e).  The products purchased by Plaintiff and the Class are "goods" within the meaning of California Civil Code § 1761(a).

56.    Defendants violated and continues to violate the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of Ralph Lauren branded products:

      **a.**  Advertising goods or services with intent not to sell them as advertised;

      **b.**  Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions.

57.    Pursuant to § 1782(a) of the CLRA, on May 2, 2016, Plaintiff's counsel notified Defendants in writing by certified mail of the particular violations of § 1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendants' intent to act.  If Defendants fail to respond to Plaintiff's letter or agree to rectify the problems associated with the actions

detailed above and give notice to all affected consumers within 30 days of the date of written notice, as proscribed by § 1782, Plaintiff will move to amend her Complaint to pursue claims for actual, punitive and statutory damages, as appropriate against Defendants.  As to this cause of action, at this time, Plaintiff seeks only injunctive relief.

## VII.   PRAYER FOR RELIEF

58.   Wherefore, Plaintiff, on behalf of herself and on behalf of the other members of the Class, requests that this Court award relief against Defendants as follows:

a.   An order certifying the class and designating COURTNEY DENNIS as the Class Representative and her counsel as Class Counsel;

b.   Awarding Plaintiff and the proposed Class members damages;

c.   Awarding restitution and disgorgement of all profits and unjust enrichment that Defendants obtained from Plaintiff and the Class members as a result of its unlawful, unfair and fraudulent business practices described herein;

d.   Awarding declaratory and injunctive relief as permitted by law or equity, including:  enjoining Defendants from continuing the unlawful practices as set forth herein, and directing Defendants to identify, with Court supervisions, victims of its misconduct and pay them all money they are required to pay;

e.   Order Defendants to engage in a corrective advertising campaign;

f.   Awarding attorneys' fees and costs; and

g.   For such other and further relief as the Court may deem necessary or appropriate.

///
///
///

## VIII.  DEMAND FOR JURY TRIAL

**59.**    Plaintiff hereby demands a jury trial for all of the claims so triable.

Dated: May 2, 2016

**CARLSON LYNCH SWEET
KILPELA & CARPENTER, LLP**

*/s/ Todd D. Carpenter*
Todd D. Carpenter (CA 234464)
402 West Broadway, 29th Floor
San Diego, California 92101
Telephone: (619) 347-3517
Facsimile: (619) 756-6990
tcarpenter@carlsonlynch.com

Edwin J. Kilpela
Gary F. Lynch
1133 Penn Avenue
5th Floor
Pittsburgh, Pennsylvania 15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
ekilpela@carlsonlynch.com
glynch@carlsonlynch.com

**ZAVERI TABB, APC**
Deval R. Zaveri (CA 213501)
402 W. Broadway, 29th Floor
San Diego, California 92101
Tel:  (619) 398-4768
Fax:  (619) 342-8020
dev@zaveritabb.com

*Attorneys for Plaintiff*

15
COMPLAINT