1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

COURTNEY DENNIS,

CASE NO. 16cv1056-WQH-BGS

11

Plaintiff,

ORDER

v.

12

RALPH LAUREN CORPORATION;
RALPH LAUREN RETAIL, INC.;
DOES 1-20, inclusive.

13
14
15

Defendant.

16

HAYES, Judge:

        The matter before the Court is the motion to dismiss filed by Defendants Ralph

17

Lauren Corporation and Ralph Lauren Retail, Inc. (ECF No. 20).

18

**I. Procedural Background**

19
20

        On May 2, 2016, Plaintiff Courtney Dennis initiated this action by filing a

complaint on behalf of herself and all others similarly situated. (ECF No. 1).

21

        On July, 18, 2016, Plaintiff filed the amended complaint, the operative pleading

22

in this matter (the "FAC"). (ECF No. 13). Plaintiff on behalf of herself and others

23

similarly situated, asserts the following causes of action against Defendants: (1)

24

violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§

25

17200 *et seq.*; (2) violation of California's False Advertising Law ("FAL"), Cal. Bus.

26

& Prof. Code §§ 17500 *et seq.*; (3) violations of the California Consumer Legal

27

Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*; and (4) violations of the

28

consumer protection laws on behalf of classes in states with similar laws. *Id.* Plaintiff

alleges that this Court has original jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332 (d)(2).  *Id.* at ¶ 7.

On August 22, 2016, Defendants filed a motion to dismiss for failure to state a claim.  (ECF No. 20).  On September 12, 2016, Plaintiff filed a response in opposition.  (ECF No. 23).  On September 19, 2016, Defendants filed a reply.  (ECF No. 24).

## II. Allegations of the Complaint

Plaintiff alleges that "Defendants operate Ralph Lauren and related outlet Ralph Lauren Polo stores as well as the ralphlauren.com website, and advertise, market, distribute, and/or sell clothing and clothing accessories in California and throughout the United States."  (ECF No. 13 at ¶ 13).

"On or around November 19, 2015, Plaintiff went shopping at the Ralph Lauren Polo Factory store in Carlsbad, California . . ."  *Id.* at ¶ 15.  "Upon examining a particular children's polo short, she observed signs that declared "SALE" with the shirt was advertised at "40% off."  *Id.*  Plaintiff alleges that she "observed signage within the store and the price tag on the shirt . . . represent[ing] that the shirt was '40% off.' "  *Id.*  Plaintiff alleges that she purchased the shirt for $44.99, $48.59 with sales tax included, because she believed "she was receiving a significant value by purchasing [a] polo shirt for $44.99 that had an original or 'market' price of $74.99."  *Id.* at ¶¶ 15-16.  Plaintiff alleges that she received a receipt "stating that the item 'Price' was '[$]74.99,' but due to the 'Promo Price ([$]30.00)' discount, the shirt was $44.99."  *Id.* at ¶ 16.  "These purported 'market prices' and corresponding price 'discounts' and savings were false and misleading, as the prevailing retail price for the shirt during the three months immediately prior to Plaintiff's purchase was not the $74.99 'market' price advertised by Defendants."  *Id.*

"Plaintiff's counsel tracked the pricing on various consumer goods at various retail stores, including Polo outlet store for several months preceding and subsequent to [Plaintiff's] purchase."  *Id.* at ¶ 17.  "Plaintiff's counsel's investigation revealed that the 'market price' ($74.99) of the girl's Polo shirt [Plaintiff] purchased was never the

prevailing market price at the Polo outlet store within the 90 days preceding [Plaintiff's] purchase, nor was the shirt offered for sale at the 'market' price at any time during the investigation at the Polo outlet store." *Id.* Plaintiff alleges that Defendants offered the shirt at discounted prices during this time period, including the price of $44.99. *Id.*

"Plaintiff's counsel's investigation also revealed that this was a pervasive practice at the Polo Outlet stores." *Id.* "At least several other items remained continuously discounted from their 'market price,' or they were not offered for sale at their market price for any substantial period of time, including, both men's and women's Polo shirts and men's tee shirts." *Id.* Plaintiff alleges that the Polo outlet store "engages in a systematic scheme to continuously discount its merchandise without ever offering the merchandise for sale at its 'market' prices at the outlet store." *Id.* Plaintiff alleges that her counsel's investigation revealed that "the merchandise sold at the Polo outlet stores is primarily out-of-season, made for distribution through the Polo outlet store or includes their lesser-quality lines of product." *Id.* at ¶ 18. "Plaintiff's investigation revealed that the Polo shirt purchased by Plaintiff was not offered at its full retail price within the 90 days prior to her purchasing it within the relevant market." *Id.* Plaintiff alleges that "Defendants know that their comparative price advertising is false, deceptive, misleading and unlawful under California law." *Id.* at ¶ 20.

Plaintiff alleges that she "brings this action on behalf of herself and all other similarly situated Class members pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure." *Id.* at ¶ 26. Plaintiff seeks certification of a Nationwide Class of "all persons who purchased one or more items from Defendants offered at a purported discount from an 'original,' 'regular,' or 'market' price" at any time during the class period, as well as a California Class of "[a]ll persons residing in the state of California who purchased one or more items from Defendant offered at a purported discount from an 'original' or 'regular' price." *Id.* at ¶¶ 26-29. Plaintiff alleges that she "also brings this action on behalf of all persons located within states with similar consumer protection laws." *Id.* at ¶ 30. Plaintiff alleges that Defendants

have violated consumer protection statutes in forty states and the District of Columbia. *Id.* at ¶70.

## III. Legal Standards

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim

1  entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.
2  2009) (quotation omitted).

3        Claims sounding in fraud or mistake must additionally comply with the
4  heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which
5  requires that a complaint "must state with particularity the circumstances constituting
6  fraud or mistake." Fed. R. Civ. P. 9(b).  Rule 9(b) "requires ... an account of the time,
7  place, and specific content of the false representations as well as the identities of the
8  parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.
9  2007) (quotation omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,
10  1106 (9th Cir. 2003) (averments of fraud must be accompanied by "the who, what,
11  when, where, and how of the misconduct charged") (quotation omitted).  "To comply
12  with Rule 9(b), allegations of fraud must be specific enough to give defendants notice
13  of the particular misconduct which is alleged to constitute the fraud charged so that they
14  can defend against the charge and not just deny that they have done anything wrong."
15  *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal
16  quotations omitted).  "[A] plaintiff must set forth more than the neutral facts necessary
17  to identify the transaction. The plaintiff must set forth what is false or misleading about
18  a statement, and why it is false." *Vess*, 317 F.3d at 1106.

19  **IV. Discussion**

20        **A. UCL, FAL, and CLRA Claims**

21        Defendants contend that Plaintiff does not satisfy the applicable pleading
22  standards under Rule 8 and Rule 9 (b) to provide them fair notice of the basis for
23  plaintiff's claim.  (ECF No. 20-1).  Defendants contend that Plaintiff's allegation that
24  she purchased a "girl's Polo shirt" fails to identify the specific product purchased or
25  provide enough detail about the specific product purchased because Defendants sell
26  many varieties of Ralph Lauren branded and Ralph Lauren style shirts.  *Id.* at 15.
27  Defendants contend that Plaintiff has not sufficiently identified the specific advertising
28  statements in question.  Defendant contends that "without a depiction or detailed

quotation of the challenged advertising in the Amended Complaint, it is impossible to determine what type of price comparison, if any, the advertising would convey to a reasonable consumer, and therefore whether [Plaintiff] has plausibly alleged her claims that Ralph Lauren violated the UCL, CLRA, and/or FAL." *Id.* at 18.  Defendants contend Plaintiff's allegations about counsel's investigation of Defendants' alleged deceptive pricing scheme are vague, conclusory and lack the specificity required by Rule 9(b). *Id.* at 19-20.  Defendants contend that the FAC does not sufficiently allege specific facts about the length of the investigation, the locations where counsel tracked the prices of Ralph Lauren products, counsel's methods of investigation, or how the investigation showed that "the merchandise sold at the Polo outlet stores is primarily out-of-season, made for distribution through the Polo outlet store or includes their lesser-quality lines of product." *Id.* at 22.  Defendants contend that the FAC fails state a claim because it does not allege that the girl's polo shirt was not sold at the "higher, advertised former price elsewhere in the locality during the 3-Month period." (ECF No. 24 at 8).

Plaintiff contends that she has "sufficiently identified which shirt she bought; fully describes Defendants' deceptive advertising; and provided any necessary details of counsel's investigation." (ECF No. 23 at 12).  Plaintiff contends that although the FAC "did not include a copy of Plaintiff's receipt, it provided more than enough detail to enable Defendants to identify the shirt that Plaintiff bought" because it alleges the date of purchase, location where Plaintiff made the purchase, item she purchased, and the advertising related to the shirt.[1] *Id.*  Plaintiff contends that the "FAC specifies in sufficient detail the contents of Defendants' false advertising and also explains why the advertising is false." *Id.* at 16.  Plaintiff contends that she is not required to plead the process of their counsel's investigations. *Id.* at 16-19.  Plaintiff contends that her

---

[1] Plaintiff files a copy of the receipt with her response in opposition to Plaintiff's motion. Plaintiff contends that it is proper for the Court's consideration because "Plaintiff quoted from, referred to, relied on, and hence incorporated into her FAC." (ECF No. 23 at 13).

1  allegations regarding counsel's investigation were sufficient because the Complaint

2  states that the shirt purchased by Plaintiff was never the prevailing market price at the

3  Polo outlet store within the 90 days preceding Plaintiff's purchase. *Id.* at 19.

4       California's UCL prohibits "any unlawful, unfair or fraudulent business act or

5  practice and unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof.

6  Code. § 17200.  The UCL incorporates the prohibition on unfair advertising included

7  in California's FAL. *Id.*; *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1103 (9th Cir. 2013),

8  *as amended on denial of reh'g and reh'g en banc* (July 8, 2013).  California's FAL

9  prohibits any unfair, deceptive, untrue or misleading advertising. *Id.* § 17500.  The

10 FAL states, "No price shall be advertised as a former price of any advertised thing,

11 unless the alleged former price was the prevailing market price as above defined[2] within

12 three months next immediately preceding the publication of the advertisement or unless

13 the date when the alleged former price did prevail is clearly, exactly and conspicuously

14 stated in the advertisement." *Id.* at § 17501.  California's CLRA prohibits "unfair

15 methods of competition and unfair or deceptive acts or practices."  Cal. Civ. Code §

16 1770.  The CLRA specifically prohibits, '[a]dvertising goods or services with intent not

17 to sell them as advertised" and "[m]aking false or misleading statements of fact

18 concerning reasons for, existence of, or amounts of price reductions."  Cal. Civ. Code

19 § 1770(a)(9), (13).

20      Under these California statutes, conduct is deceptive or misleading if it is likely

21 to deceive an ordinary consumer. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938

22 (9th Cir. 2008).  "California courts have recognized that whether a business practice is

23 deceptive will usually be a question of fact not appropriate for decision on demurrer."

24 *Id.* at 939; *accord Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115,

25 134-35 (2007).

26

27      [2]  The statute states, "For the purpose of this article the worth or value of any
28 thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published."  Cal. Bus. & Prof. Code § 17501.

Plaintiff's UCL, FAL, and CLRA sound in fraud arising out of the same set of facts surrounding Defendants' alleged pricing scheme and are subject to the heightened pleading standard of Rule 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (holding that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL); *Rubenstein v. Neiman Marcus Grp. LLC,* No. CV 14-07155 SJO JPRx, 2015 WL 1841254, at *4 (C.D. Cal. Mar. 2, 2015).

In support of the allegation that the advertised $74.99 market price is false, Plaintiff states that her "counsel tracked the pricing on various consumer goods at various retails stores, including Polo outlet store for several months preceding and subsequent to Ms. Dennis' purchase" and concluded that the Polo shirt "was not offered at its full retail price within the 90 days prior to her purchasing it in the relevant market." (ECF No. 13 at ¶¶ 17-18). Plaintiff has not alleged facts to identify the "various retail stores" and "various consumer goods" included in counsel's investigation. *Id.* at ¶ 17. The only store that Plaintiff specifically identifies in the counsel's investigation is the Ralph Lauren outlet store where Plaintiff purchased the girl's polo shirt. *Id.* Plaintiff does not allege that Ralph Lauren girl's polo shirt was unavailable at the $74.99 price at other locations offering Ralph Lauren products, such as the "Polo retail stores[s], high-end department stores, and related online stores" identified in the FAC. *Id.* at ¶ 18. Plaintiff's allegations that the girl's polo shirt is unavailable elsewhere in the relevant market are vague and conclusory and fail to provide facts to identify the relevant market.

The Court concludes Plaintiff does not state a claim under the FAL, CLRA, or UCL, because Plaintiff does not allege facts to support an inference that the "original or market" prices allegedly advertised by Defendant are false. *See, e.g., Rael v. Dooney & Bourke, Inc.,* No. 16CV0371 JM(DHB), 2016 WL 3952219, at *3 (S.D. Cal. July 22, 2016) (dismissing UCL, FAL, and CLRA claims in part because Plaintiff "alleges no facts to illustrate why the 'original' price of the purchased handbag, or for that matter, any other . . . product sold at the outlet was false or misleading"); *Branca v. Nordstrom,*

*Inc.*, No. 14CV2062 MMA(JMA), 2015 WL 10436858, at*7 (S.D. Cal. Oct. 9, 2015) (finding that Plaintiff did state a claim under the FAL, CLRA, and UCL in part because "Plaintiff alleges why the 'Compare At' prices are false as former prices– because they necessarily cannot be former prices or prevailing market prices, as the items were never sold elsewhere for any other price besides the Nordstrom Rack retail price").

**B. Claims Based on Items Not Purchased by Plaintiff**

Defendants contend that Plaintiff's "claims on behalf of consumers who purchased other unidentified Ralph Lauren products also fail to satisfy the pleading requirements of both Fed. R. Civ. P. 8(a) and 9(b) and should be dismissed." (ECF No. 20-1 at 25). Defendants contend that Plaintiff fails to allege " 'any facts regarding any [Ralph Lauren] products other than the [shirt Plaintiff] purchased,' much less any plausible factual allegation to show that any advertised discounts for these other items are false or misleading." *Id.* at 23. Defendants contend that Plaintiff fails to provide sufficient facts to support the allegation that Defendants' outlet store engages in a systematic scheme to defraud. *Id.* at 19.

Plaintiff contends that she adequately pleads claims for other items sold. Plaintiff contends that the Defendants' arguments on this point are more "suitable for discussion at class certification, and the distinctions are immaterial in light of Defendants' uniform scheme of pricing misrepresentations." (ECF No. 23 at 19). Plaintiff contends that she can assert claims for unnamed class members based on products she did not purchase because the products and alleged misrepresentations are substantially similar. *Id.* at 19-23.

In addition to allegations related to her purchase of the girl's polo shirt, Plaintiff alleges that, "At least several other items remained continuously discounted from their 'market price,' or they were not offered for sale at their market price for any substantial period of time, including, both men's and women's Polo shirts and men's tee shirts. The Polo outlet store engages in a systematic scheme to continuously discount its merchandise without ever offering the merchandise for sale

at its 'market' prices at the outlet store." (ECF No. 13 at ¶ 17). These allegations are legal conclusions and suffer from the same defects as Plaintiff's allegations specific to the Ralph Lauren girl's polo shirt at the outlet store in Carlsbad. Plaintiff's allegation that Defendants did not offer merchandise for sale at its "market" prices at the outlet store fails to state facts to support a conclusion that the advertising is false.

### C. Standing to Bring Claims Under Law of Other States

Defendants contend that Plaintiff's claims under the laws of states other than California must be dismissed under Rule 12(b)(1) for lack of standing. (ECF No. 20-1 at 25-27). Defendants contend that Plaintiff lacks standing to bring these claims because she has not alleged that she purchased any goods from Ralph Lauren outlet stores outside of California or how "she suffered a cognizable injury due to Ralph Lauren's alleged violation of laws" of other states. *Id.* at 25.

Plaintiff contends that resolving the issue of standing is inappropriate at the pleading stage of a proposed class action and is more properly addressed in a Rule 23 motion. (ECF No. 23 at 22-23).

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). The burden is on the plaintiff to establish that the court has subject matter jurisdiction over an action. *Assoc. of Med. Colls. v. United States,* 217 F.3d 770, 778-779 (9th Cir. 2000). The party invoking federal jurisdiction bears the burden of establishing Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). This party must establish (1) an "'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) 'actual or imminent, not conjectural or hypothetical,'" (2) "a causal connection between the injury and the conduct complained of", and (3) a likelihood that the injury will be redressed by a favorable decision. *Id.* at 560-61 (citations omitted). "[A] plaintiff must demonstrate standing for each claim he seeks

1  to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).  In the

2  absence of a Article III standing, a court lacks subject matter jurisdiction to entertain

3  the lawsuit.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109-110 (1998).

4        Plaintiff has alleged no facts to show that she has standing to bring the non-

5  California claims.  Plaintiff's multi-state claims are dismissed with leave to amend.

6  *See also Rael*, 2016 WL 3952219, at *5.

7  **V. Conclusion**

8        IT IS HEREBY ORDERED that Defendants' motion to dismiss (ECF No. 20)

9  is GRANTED in its entirety.  Plaintiff's First Amended Complaint is dismissed.

10  (ECF No. 13).  Plaintiff shall file any motion for leave to file a second amended

11  complaint on or before January 17, 2017.

12  DATED:  December 20, 2016

13

**WILLIAM Q. HAYES**
14  United States District Judge