**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COURTNEY DENNIS, on behalf of herself and all others similarly situated,<br><br>       Plaintiff,<br> v.<br>RALPH LAUREN CORPORATION, a Delaware corporation; RALPH LAUREN RETAIL, INC., a Delaware corporation; and DOES 1-20, inclusive,<br><br>       Defendants. | CASE NO. 16cv1056-WQH-BGS<br><br>ORDER |

HAYES, Judge:

  The motion before the Court is the motion for leave to file a second amended complaint. (ECF No. 28).

**I. BACKGROUND**

  On May 2, 2016, Plaintiff Courtney Dennis filed a class action complaint against Defendants Ralph Lauren Corporation and Ralph Lauren Retail, Inc. (ECF No. 1). On July 18, 2016, Plaintiff filed an amended class action complaint against Defendants alleging causes of action arising from Defendants' alleged deceptive pricing of Ralph Lauren merchandise. (ECF No. 13). On August 22, 2016, Defendants filed a motion to dismiss for failure to state a claim. (ECF No. 20). On December 20, 2016, the Court dismissed the complaint in its entirety. (ECF No. 25). The Order stated, "Plaintiff shall file any motion for leave to file a second amended complaint on or before January 17,

2017." *Id.*

On January 18, 2017, Plaintiff filed a motion for leave to file a second amended complaint.[1] (ECF No. 28). Plaintiff's proposed second amended class action complaint alleges three causes of action: (1) violation of California's Unfair Competition Laws, California Business & Professions Code Sections 17200, *et seq.*; (2) violation of California's False Advertising Laws, California Business & Professions Code Sections 17500, *et seq.*; (3) violations of California Consumer Legal Remedies Act, California Civil Code section 1750, *et seq.* (ECF No. 28-2). On February 21, 2017, Defendants filed a response in opposition. (ECF No. 34). Attached to their response, Defendants filed a declaration by Jennifer Avallon, Senior Vice President of Merchandising at Ralph Lauren Corporation, stating that the shirt Plaintiff allegedly purchased is the "SS Stretch Julie Polo" and was sold for $74.99 during September 2015. *Id.* at 24-25. On March 10, 2017, Plaintiff filed a reply. (ECF No. 39).

**II. CONTENTIONS OF THE PARTIES**

Plaintiff contends that leave to amend should be granted because Defendants cannot demonstrate prejudice or undue delay. (ECF No. 28-1 at 3-4). Plaintiff contends that she seeks leave to amend to cure deficiencies in the first amended complaint. Plaintiff contends that there is no evidence she is acting in bad faith. *Id.* at 4-5. Plaintiff contends that amendment would not be futile because "the deficiencies identified by the Court can be cured by amendment" and she alleges a "viable legal claim." *Id.* at 6. Plaintiff contends that extrinsic evidence is irrelevant at the pleading stage where the factual allegations of the proposed second amended complaint are to be taken as true. (ECF No. 39 at 2). Plaintiff contends that the declaration provided by Defendants is "inadmissible hearsay/cumulative account of supposed sales data that Defendants have refused to provide to Plaintiff and that has not been subjected to cross-

---

[1] Plaintiff filed a motion for leave to file a second amended complaint on January 17, 2017. (ECF No. 26). On January 17, 2017, Plaintiff filed a Notice of Errata stating that Plaintiff "erroneously set the hearing for February 15, 2017" in its motion. (ECF No. 27). On January 18, 2017, Plaintiff filed the "Corrected Notice of Motion and Motion for Leave to File Second Amended Complaint." (ECF No. 28).

examination in discovery." (ECF No. 39 at 2). Plaintiff contends that even if Defendants' factual assertion was true and could be properly considered at this stage of the proceedings, it would not be fatal to the proposed second amended complaint. *Id.* at 3.

Defendants contend that Plaintiff has been afforded two opportunities to state her claim and that any further amendment would be futile. (ECF No. 34). Defendants contend that the allegations regarding shirt pricing in the proposed second amended complaint "are sharply different from the first two pleadings . . . . which calls into serious question the bona fides of Plaintiff's allegations[.]" *Id.* at 4. Defendants contend that the proposed second amended complaint does not satisfy the plausibility requirement of Rule 8(a) or the particularity requirement of Rule 9(b). *Id.* at 5. Defendants contend that Plaintiff's bad faith and undue delay in seeking amendment, the previous amendments to her complaint, and the prejudice that would result from granting leave to file a second amended complaint all weigh against granting leave to amend; however, Defendants contend the Court "need only consider the SAC's futility to deny Plaintiff's motion." *Id.* at 14. Defendants contend that the standard for granting leave to amend is the same as for a Rule 12(b)(6) motion to dismiss and the Court cannot grant this motion because the proposed second amended complaint fails to state "with particularity, non-conclusory matter that if taken as true, plausibly establishes Ms. Dennis's false advertising claim." *Id.* at 18. Defendants contend that "contrary to the allegations of the [second amended complaint], Ralph Lauren in fact sold the SS Julie Stretch Polo women's shirt at the full $74.99 'Our Price' during September 2015." *Id.* at 21.

**III. DISCUSSION**

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme

Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

The Court has reviewed the motion for leave to file a second amended complaint and all related filings. Defendants filed the declaration by Jennifer Avallon in support of their contention that amendment would be futile. (ECF No. 34 at 24-25). The Court concludes that consideration of the declaration is improper at this stage of the proceedings. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that on a motion to dismiss, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief").

The Court concludes that Defendants have not made a sufficiently strong showing of the *Foman* factors to overcome the presumption of Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. Any challenge to the merits of the proposed second amended complaint will be considered after the amended pleading is filed. *See Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-

1 | 4708, 2006 WL 3093812, at *2 (N.D. Cal. Oct. 31, 2006) ("In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

**IV. CONCLUSION**

IT IS HEREBY ORDERED that the motion for leave to file a second amended complaint (ECF No. 28) is granted. No later than fourteen (14) days from the date this Order is filed, Plaintiff may file the proposed second amended complaint which is attached to the motion. If Plaintiff does not file the second amended complaint within fourteen (14) days, the Court will order the Clerk of Court to close the case.

DATED: April 12, 2017

**WILLIAM Q. HAYES**
United States District Judge