# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| COURTNEY DENNIS, | CASE NO. 16cv1056-WQH-BGS |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| RALPH LAUREN CORPORATION; RALPH LAUREN RETAIL, INC.; DOES 1-20, inclusive, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the motion to dismiss filed by Defendants Ralph Lauren Corporation and Ralph Lauren Retail, Inc. (ECF No. 42).

## I. Procedural Background

On May 2, 2016, Plaintiff Courtney Dennis commenced this action by filing a complaint on behalf of herself and all others similarly situated. (ECF No. 1). On July 18, 2016, Plaintiff filed the first amended complaint ("FAC"). (ECF No. 13). On August 22, 2016, Defendants filed a motion to dismiss for failure to state a claim. (ECF No. 20). On December 20, 2016, the Court granted Defendants' motion to dismiss and dismissed the Complaint in its entirety without prejudice. (ECF No. 25).

On January 17, 2017, Plaintiff filed a motion for leave to file the second amended complaint. (ECF No. 26). On January 25, 2017, the Court granted the joint motion to continue hearing on Plaintiff's motion for leave to file second amended complaint. (ECF No. 30).

On April 18, 2017, Plaintiff filed the second amended complaint ("SAC"), which is the operative pleading in this case. (ECF No. 41). Plaintiff, on behalf of herself and others similarly situated, asserts the following causes of action against Defendants: (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (2) violation of California's False Advertising Laws ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; and (3) violations of California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq. Id.* at ¶ 12. Plaintiff alleges that this Court has original jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332 (d)(2). *Id.* at ¶ 14.

On May 2, 2017, Defendants filed this motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 42). On May 30, 2017, Plaintiff filed a response in opposition. (ECF No. 43). On June 9, 2017, Defendants filed a reply. (ECF No. 47).

**II. Allegations of the SAC**

"Defendants operate Ralph Lauren and related outlet Ralph Lauren Polo Factory Stores as well as the ralphlauren.com website, and advertise, market, distribute, and/or sell clothing and clothing accessories throughout California." (ECF No. 41 at ¶ 21).

"The Polo Ralph Lauren branded clothing items sold at the factory stores contain a price tag which represents two prices to the consumer: the 'Value Was' price, and the 'Our Price' price." *Id.* at ¶ 4. Plaintiff alleges "[t]he 'Value Was' price is always the highest price conveyed to the consumer at the factory stores, and the 'Our Price' is always less than the 'Value Was' price." *Id.* "The 'Value Was' price conveys to the consumer that the merchandise sold in the factory was, at one time in the past, sold at a 'higher value' or 'higher price' than what the merchandise is presently being offered for sale[.]" *Id.*

"On or around November 19, 2015, Plaintiff went shopping at the Ralph Lauren Polo Factory Store in Carlsbad, California[.]" *Id.* at ¶ 23. "Upon examining a particular women's Polo Ralph Lauren polo-style shirt, short-sleeved, collared, with an

aqua-blue embroidered polo logo, size extra small ("the Shirt"), she observed a red and white sign that declared that the shirt was on 'SALE' with the shirt advertised at '40%' off.'" *Id.* "The 40% off discount applied to the $74.99 'Our Price' listed on the shirt's price tag." *Id.* Plaintiff "observed signage within the store and the price tag on the shirt which represented the shirt was '40% off.'" *Id.* "Believing that she was receiving a significant value. . .she decided to purchase the shirt[.]" *Id.* The receipt handed to Plaintiff "bolstered the impression of an alleged bargain, stating that the item 'Price' was '[$]74.99,' but due to the 'Promo Price ([$]30.00)' discount, the shirt was $44.99." *Id.*

"Plaintiff's counsel tracked the pricing on various consumer goods at various retail stores, including Polo Ralph Lauren factory stores and Ralph Lauren for several months preceding and subsequent to Plaintiff's purchase." *Id.* at ¶ 24. Plaintiff's counsel determined that during their investigation, the Polo Ralph Lauren brand was only sold at the Polo Ralph Lauren factory stores located at the Plaza Las Americas Premium Outlets in San Diego, CA, and Carlsbad Premium Outlets in Carlsbad, CA, as well as two department stores, Macy's and Bloomingdales. *Id.* "Plaintiff's counsel's retail investigation involved tracking items listed for sale" at the two Polo Ralph Lauren factory stores located in San Diego, CA and Carlsbad, CA, as well as "periodically confirming the same practices at the Polo Ralph Lauren Factory Store" located at the Viejas Outlet Center in Alpine, CA, as well as "periodically track[ing] the availability of Polo Ralph Lauren products" at the Ralph Lauren Stores located in La Jolla, CA and Costa Mesa, CA. *Id.* The investigation included "track[ing] the pricing of certain common or core Polo Ralph Lauren brand clothing products sold at the two Polo Ralph Lauren Factory Stores in San Diego County." *Id.* at ¶ 28. "The investigations entailed several investigators entering the stores and recording the 'Our Price' prices on the selected items and the corresponding 'discounted price' or '% off' that was offered from the 'Our Price' price tag." *Id.*

"Plaintiff's counsel's investigation revealed that the 'Our Price' price ($74.99)

of the shirt Ms. Dennis purchased was never the prevailing market price at the Polo Ralph Lauren Factory Store within the 90 days preceding Ms. Dennis' purchase...nor was the shirt offered at the 'Our Price' price at any time during the investigation at any of the Polo Ralph Lauren Factory Stores." *Id.* at ¶ 29. "Instead, Defendant continuously offered the shirt at discounted prices in the 90 days preceding Ms. Dennis' purchase[.]" *Id.* "Plaintiff's counsel's investigation also revealed that this was a pervasive practice at each of the Polo Ralph Lauren Factory Stores located in San Diego County." *Id.* at ¶ 30. Plaintiff alleges "every clothing item in the Polo Ralph Lauren brand, sold in the Polo Ralph Lauren Factory Stores remained continuously discounted from the 'Our Price' price at all times during Plaintiff's counsel's investigations." *Id.* Plaintiff alleges "[t]he Polo Ralph Lauren Factory Stores engage in a systematic scheme to continuously discount their merchandise without ever offering the merchandise for sale at its supposed 'Our Price' price . . . at the factory outlet store." *Id.*

"Plaintiff's counsel's investigation revealed that the Polo shirt purchased by the Plaintiff was not offered at the 'Our Price'. . . within the 90 days prior to her purchasing it within the relevant market." *Id.* at ¶ 31. "Plaintiff's investigation included verifying whether the items sold in the Polo Ralph Lauren Factory Stores were also sold in the other known distribution channels for the Polo Ralph Lauren branded products." *Id.* "Plaintiff's counsel's investigators were not able to identify the shirt Ms. Dennis purchased as available for sale in either Macy's or Bloomingdale's stores; the only two known distributors of Polo Ralph Lauren branded products in San Diego County." *Id.*

Plaintiff "would not have purchased the shirt without the misrepresentations made by the Defendants." *Id.* at ¶ 32. Plaintiff "has been personally victimized by and suffered economic injury as a direct result of Defendants' unlawful, unfair and fraudulent conduct." *Id.* "Defendants know that their comparative price advertising is false, deceptive, misleading and unlawful under California law." *Id.* at ¶ 33. "Plaintiff and the Class reasonably and justifiably acted and relied on the substantial price differences that Defendants advertised..." *Id.* at ¶ 37. "Plaintiff, like other class

members, was lured in, relied on, and damaged by these pricing schemes that Defendants carried out." *Id.*

Plaintiff "brings this action on behalf of herself and all other similarly situated class members pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure." *Id.* at ¶ 39. Plaintiff seeks certification of a class of "[a]ll persons who purchased from Defendants in the State of California one or more Polo Ralph Lauren branded items of clothing offered at a purported discount from a 'Value was' and/or 'Our Price' price any time" during the class period. *Id.* at ¶ 40.

**III. Legal Standards**

    **A. Federal Rule of Civil Procedure 12(b)(1)**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). The burden is on the plaintiff to establish that the court has subject matter jurisdiction over an action. *Assoc. of Med. Colls. v. United States*, 217 F.3d 770, 778-79 (9th Cir. 2000). A jurisdictional attack pursuant to Rule 12(b)(1) may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

    **B. Federal Rule of Civil Procedure 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

Claims sounding in fraud or mistake must additionally comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a complaint "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) "requires ... an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quotation omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (averments of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged") (quotation omitted). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal quotations omitted). "[A] plaintiff must set forth more than the neutral facts necessary

1 to identify the transaction. The plaintiff must set forth what is false or misleading about
2 a statement, and why it is false." *Vess*, 317 F.3d at 1106.

**IV. Discussion**

    **A. UCL, FAL, and CLRA Claims**

Defendants contend that Plaintiff does not satisfy the applicable pleading standards under Rule 8 and Rule 9(b). (ECF No. 42-1 at 17). Defendants contend that the Plaintiff did not investigate the online prices of the Shirt at any time, precluding any reasonable inference that the Shirt was never offered for sale online at its advertised "Our Price" during the 3 months preceding Plaintiff's purchase. *Id.* at 18. Defendants contend that the SAC "fundamentally fails to allege facts with sufficient particularity to plausibly show that Plaintiff's counsel sufficiently tracked the Shirt's price through the relevant 3-month period, either in San Diego-area outlet stores or department stores." *Id.* Defendants contend that Exhibit E of the SAC "identifies just a single date (July 29, 2015) on which counsel allegedly checked the shirt's price at two different outlet stores." *Id.* at 19. Defendants contend that the claim in the SAC that the Shirt remained discounted for at least 90 days is vague and conclusory. Defendants contend that the description of counsel's investigation in the SAC falls short of the particularity standard in Rule 9(b). Defendants contend that the SAC lacks "details . . . about the follow up that led counsel to conclude that the item remained discounted throughout the San Diego area for at least 90 days after the initial observation[.]" *Id.* at 20.

Plaintiff contends that the SAC "specifies in sufficient detail the contents of Defendants' false advertising and also explains why the advertising is false." (ECF No. 43 at 19). Plaintiff contends that the allegations relating to the investigation by her counsel "consists of a chart detailing the particular items that were included in the investigation, the particular stores where those items were offered for sale, the advertised 'Our Price' price for each item, the advertised discount for each item, and the dates on which the prices were recorded and verified." *Id.* at 6. Plaintiff contends that "[t]he false '40% off' discount that Plaintiff relied upon when purchasing a shirt at

1  Defendants' Polo Ralph Lauren Factory Store in November of 2015 is consistent with
2  the deceptive pricing practices uncovered by Plaintiff's counsel in their investigation[.]"
3  *Id.* at 21. Plaintiff contends that "she has alleged facts sufficient to support a plausible
4  inference that Defendants engaged in a systematic scheme to continuously discount all
5  of the merchandise in their Polo Ralph Lauren Factory Stores." *Id.* at 21-22. Plaintiff
6  contends that she is "not required to plead any pre-suit investigation" and that she has
7  alleged specific facts demonstrating that Defendants' pricing representations were false.
8  *Id.* at 22.

California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. The UCL incorporates the prohibition on unfair advertising included in California's FAL. *Id.*; *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1103 (9th Cir. 2013), *as amended on denial of reh'g and reh'g en banc* (July 8, 2013). California's False Advertising Law ("FAL") prohibits any unfair, deceptive, untrue or misleading advertising. Cal. Bus. & Prof. Code § 17500. The relevant section of the FAL states, "No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined[1] within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement." Cal. Bus. & Prof. Code § 17501. California's Consumer Legal Remedies Act ("CLRA") prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770. The CLRA specifically prohibits, "[a]dvertising goods or services with intent not to sell them as advertised" and "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." Cal. Civ. Code § 1770(a)(9),

---

[1] The statute states, "For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published." Cal. Bus. & Prof. Code § 17501.

(13).

Under these California statutes, conduct is deceptive or misleading if it is likely to deceive an ordinary consumer. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008). "California courts have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." *Id.* at 939; *accord Linear Tech. Corp. v. Applied Materials, Inc.*, 61 Cal. Rptr. 3d 221, 236 (Ct. App. 2007).

Plaintiff's UCL, FAL, and CLRA sound in fraud arising out of the same set of facts surrounding Defendants' alleged pricing scheme and are subject to the heightened pleading standard of Rule 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (holding that the heightened pleading standards of Rule 9(b) apply to claims for violations of the CLRA and UCL).

Plaintiff alleges that the "particular shirt purchased by Plaintiff was one of the core Polo Ralph Lauren branded items included in the investigation." (ECF No. 41, Ex. E, Item #5). The SAC alleges that, with the exception of "scant instances," the Polo Ralph Lauren brand is sold only at Polo Ralph Lauren Factory Stores as well as Macy's and Bloomingdales. *Id.* at ¶ 28. Plaintiff alleges that her counsel's investigation revealed that every Polo Ralph Lauren branded item sold in the San Diego County Polo Ralph Lauren Factory Stores remained continuously discounted from the "Our Price" price at all times. *Id.* at ¶ 29. The SAC identifies three dates– July 29, 2015, August 7, 2015, and November 19, 2015–where the discounted "Our Price" price was $74.99 at the Carlsbad Factory Store and Las Americas Premium Outlets Factory Store. *Id.* at Ex. E, Item #5. The SAC alleges that the shirt was not sold at Macy's or Bloomingdales. *Id.* at ¶ 31. Plaintiff alleges that after observing the "40% off" signage at the Ralph Lauren Polo Factory Store in Carlsbad, CA on or around November 19, 2015, and believing she was receiving a significant value by purchasing a shirt for $44.99 that had a $74.99 "Our Price" price, Plaintiff purchased the shirt. *Id.* at ¶ 23. "Plaintiff would have not have purchased the shirt without the

misrepresentations made by Defendants." *Id.* at ¶ 32. These factual allegations identify the specific content of the false representations made by Defendants. The Court finds that these allegations are "sufficient[ly] detail[ed]. . . to give us some assurance that [Plaintiff's] theory has a basis in fact." *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 989-90 (9th Cir. 2008).

Plaintiff has satisfied the particularity requirement of Rule 9(b) by alleging facts to show the "who, what, when, where, how" of Defendants' alleged misconduct. *Vess*, 317 F.3d at 1106. The Court concludes that Plaintiff states a claim under the FAL, CLRA, and UCL because Plaintiff alleges facts that support an inference that the "Our Price" price advertised by Defendants was not the prevailing market price. *See Rubenstein v. Neiman Marcus Grp.*, No. 15-55890, 2017 WL 1381147, at *1 (9th Cir. Apr. 18, 2017) (holding that Plaintiff satisfied the particularity requirement of Rule 9(b) regarding Defendant's "fictitious 'Compared To' prices to the goods for sale at its Last Call outlet stores.").

**B. Plaintiff's Standing to Bring Claims Based on Items She Did Not Purchase**

Defendants contend that Plaintiff lacks standing to bring claims of others' purchases because she "has not alleged, and can never allege, she suffered any injury from items she did not purchase or advertisements she never saw or relied on." (ECF No. 42-1 at 14). Defendants contend that "Plaintiff has no standing to assert any claims relating to any products other than the Shirt, the only item she bought at the Ralph Lauren outlet in November 2015." *Id.* The "alleged misrepresentation Ms. Dennis saw and relied on . . . is not substantially similar to the alleged misrepresentations for the other products she did not purchase" because "other products were sold at different percentage discounts (*e.g.*, '30% off' or '50% off'), and in some cases for a flat sale price (*e.g.*, '$39.99')." (ECF No. 47 at 9).

Plaintiff contends that "[t]he distinctions highlighted by Defendants are immaterial in light of their alleged uniform scheme of pricing misrepresentations."

(ECF No. 43 at 13). Plaintiff contends that "Plaintiff's and putative class members' claims derive from Defendants' single, uniform deceptive discount pricing scheme, and thus, differences between products and advertisements are irrelevant and not a basis to dismiss." *Id*. at 13. Plaintiff contends that "the comprehensiveness of Defendants' conduct trumps any variations in the particular merchandise at issue, or the specific advertising (such as '40%' off', '$10.00 off', or 'Buy One Get One Free') used to convey the pricing misrepresentations." *Id.* at 14.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The party invoking federal jurisdiction bears the burden of establishing Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). This party must establish (1) an "'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) 'actual or imminent, not conjectural or hypothetical,'" (2) a causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. *Id.* at 560-61 (citations omitted). "[A] plaintiff must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). In the absence of a plaintiff's Article III standing, a court lacks subject matter jurisdiction to entertain the lawsuit. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109-110 (1998).

"When ... the plaintiff defends against a motion to dismiss at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice because we presume that general allegations embrace those specific facts that are necessary to support the claim." *Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 969 (9th Cir. 2009) (citations and internal quotations omitted); *see also Carrico v. City and Cnty. of S.F.*, 656 F.3d 1002, 1006 (9th Cir. 2011) (noting that, at the pleading stage, standing

analysis is based "on the allegations of the ... complaint, which we accept as true"). However, a complaint must allege a "plausible injury in fact" in order to establish Article III standing. *Id.* at 1007.

"In the Ninth Circuit, there is 'no controlling authority' on whether a plaintiff in a class action has standing to assert claims based on products he did not purchase." *Morales v. Unilever U.S., Inc.*, Civ. No. 2:13-2213 WBS EFB, 2014 WL 1389613, at *4 (E.D. Cal. Apr. 9, 2014) (quoting *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 868 (N.D. Cal. 2012)). Some district courts have held that a plaintiff lacks standing to assert such claims. *See, e.g.*, *Granfield v. NVIDIA Corp.*, No. C 11–05403 JW, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012) ("[W]hen a plaintiff asserts claims based both on products that she purchased and products that she did not purchase, claims relating to products not purchased must be dismissed for lack of standing."); *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 889-90 (N.D. Cal. 2012) (collecting cases). Other district courts have held that the standing inquiry relates to the typicality and adequacy of representation and is best addressed at the class certification stage pursuant to Federal Rule of Civil Procedure 23. *See, e.g.*, *Bruno v. Quten Research Inst., LLC*, 280 F.R.D. 524, 530 (C.D. Cal. 2011) ("[W]hether a class representative may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation."); *Allen v. Similasan Corp.*, No. 12CV0376, 2013 WL 2120825, at *4 (S.D. Cal. May 14, 2013) (Moskowitz, C.J.) (same); *Forcellati v. Hyland's, Inc.*, 876 F. Supp. 2d 1155, 1161 (C.D. Cal. 2012) (denying defendants' motion to dismiss because the "argument is better taken under the lens of typicality or adequacy of representation, rather than standing"); *Cardenas v. NBTY, Inc.*, 870 F. Supp. 2d 984, 992 (E.D. Cal. 2012) (analyzing "solely under Rule 23" whether plaintiff may assert claims on behalf of purchasers of products she did not purchase); *Greenwood v. CompuCredit Corp.*, No. 08–04878 CW, 2010 WL 4807095, at *3 (N.D. Cal. Nov. 19, 2010).

However, "[t]he majority of the courts . . . hold that a plaintiff may have standing

1  to assert claims for unnamed class members based on products he or she did not
2  purchase as long as the products and alleged misrepresentations are substantially
3  similar." *Morales*, No. 13-2213 WBS(EFB), 2014 WL 1389613, at *4. "Factors that
4  . . . courts have considered include whether the challenged products are the same kind,
5  whether they are comprised of largely the same ingredients, and whether each of the
6  challenged products bears the same alleged mislabeling." *Id.* (quoting *Wilson v. Frito-*
7  *Lay N. Am.*, 961 F. Supp. 2d 1134, 1140-41 (N.D. Cal. 2013)).

8  In *Branca v. Nordstrom*, the district court concluded that the plaintiff had standing
9  to bring claims on behalf of purchasers of other merchandise because the "alleged
10 misrepresentations...are essentially identical." No. 14-CV-2062 MMA(JMA) 2015 WL
11 10436858 at *5 (S.D. Cal. Oct. 9, 2015). The Court explained:

> Plaintiff does not allege that his claims depend on what type of product a consumer purchased from Nordstrom Rack; it is immaterial for the purposes of his claims whether one purchased a pair of shoes versus a hat, so long as the item bore a "Compare At" tag. His allegations do not relate to the exact prices, percentages or savings listed on the tags, or specific characteristics of the underlying products, which would vary by product. Rather, his claims relate to the consistent format of the tags, i.e., the juxtaposition of two prices, one higher than the other, the term "Compare At" and a percentage, labeled "% Savings."

17 *Id.* Similarly, in *Azimpour v. Sears, Roebuck & Co.*, the district court found *Branca*
18 persuasive and determined "Plaintiff has standing to sue on behalf of purchasers of other
19 Sears items bearing in-store price tags similar to those relied upon by Plaintiff because
20 he is challenging the pricing scheme, not the product." No. 15-CV-2798 JLS(WVG)
21 2017 WL 1496255 at *5 (S.D. Cal. Apr. 26, 2017).

22 In this case, Plaintiff alleges that Defendants' deception is two-fold, in that the
23 "Value Was" price is always the higher than the "Our Price" price, and that the "Our
24 Price" price is a false regular price because in-store signage continuously advertises
25 substantial discounts from the "Our Price" price. (ECF No. 41 at ¶¶ 4-7). Plaintiff seeks
26 certification of a class including "[a]ll persons who purchased from Defendants in the
27 State of California one or more Polo Ralph Lauren branded items of clothing offered at
28 the purported discount from 'Value Was' and/or 'Our Price' price..." *Id.* at ¶ 40. The

SAC alleges facts that the Shirt purchased by the Plaintiff was not offered at the "Our Price" within the 90 days prior to her purchasing it within the relevant market. In support of the alleged uniform deceptive discount pricing scheme, Plaintiff alleges facts that every clothing item in the Polo Ralph Lauren brand sold in the Polo Ralph Lauren Factory Stores in San Diego County remained continuously discounted from the "Our Price" price. *Id.* ¶ at 30.

The Court finds that Plaintiff has demonstrated sufficient similarities in the Defendants' alleged pricing scheme to avoid dismissal of any claims at this stage of the proceedings. Defendants' contentions regarding the differences in purchases and advertisements are best addressed at the class certification stage rather than the motion to dismiss stage.

### C. Plaintiff's Standing for Injunctive Relief

Defendants contend there is no threat of future harm, barring standing for injunctive relief because Plaintiff is aware of the alleged deception to which she previously fell victim. (ECF No. 42-1 at 15). Defendants contend that "it is not plausible that Plaintiff, who now believes that Ralph Lauren's discount claims are fake, will rely on those claims if she ever buys its products in the future." (ECF No. 47 at 10).

Plaintiff contends "Defendants' argument is premature and...is not a basis for dismissal" because "[n]umerous cases hold that a consumer can...have standing to seek injunctive relief under the UCL, despite having learned of the wrongful conduct at issue." ( ECF No. 43 at 15). Plaintiff contends that "Defendants' reasoning would gut the injunctive relief provision of the UCL altogether." *Id.* Plaintiff contends that she "must allege only 'a sufficient likelihood that she will again be wronged in a similar way,' not that she will be wronged in the exact same way that entitled her to sue for damages." *Id.* at 16 (quoting *City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983)). Plaintiff contends that the past harm of Defendants' alleged deceptive advertising scheme "is coupled with the continuing, present, adverse effect of her being unable to rely on Defendants' pricing information when shopping at Defendants' Factory Stores." *Id.*

Plaintiff contends that "[t]he inability to rely on Defendants' future 'Our Price' price tags and accompanying purported discounts is a sufficiently concrete and particularized injury and it is very similar to the type of harm suffered..." *Id.* at 16-17.

To have standing to pursue prospective injunctive relief, Article III of the United States Constitution requires a plaintiff to "demonstrate a real and immediate threat of repeated injury in the future." *Chapman v. Pier I Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). To establish standing for prospective injunctive relief, Plaintiff must demonstrate that "he has suffered or is threatened with a 'concrete and particularized' legal harm . . . coupled with 'a sufficient likelihood that he will again be wronged in a similar way." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (quoting *Lyons*, 461 U.S. at 111). Plaintiff "must establish a 'real and immediate threat of repeated injury.'" *Id.* (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)). "Courts in this circuit 'are split over the issue of whether a plaintiff, who is seeking to enjoin a seller or manufacturer from making false or misleading misrepresentations about an item the plaintiff previously purchased, must be able to establish that he would likely purchase the item again to establish standing.'" *Dorfman v. Nutramax Laboratories, Inc.*, No. 13cv0873 WQH (RBB), 2013 WL 5353043, at *8 (S.D. Cal. Sept. 23, 2013) (quoting *Mason v. Nature's Innovation, Inc.*, No. 12cv3019 BTM-DHB, 2013 WL 1969957, at *2-3 (S.D. Cal. May 13, 2013)). The court in *Mason* explained:

> [A]s important as consumer protection is, it is not within the Court's authority to carve out an exception to Article III's standing requirements to further the purpose of California consumer protection laws . . . .
>
> Moreover, plaintiffs who have no intention of again purchasing a product that is the focus of false advertising claims are not precluded from seeking an injunctive remedy because they can sue in state court. In assessing standing, California courts are not bound by the 'case or controversy requirement of Article III of the United States Constitution, but instead are guided by prudential considerations.

*Mason*, 2013 WL 1969957, at *4-5 (quotations omitted).

The SAC alleges that Defendants' systematic scheme of discounting their merchandise without ever offering the merchandise for sale at its supposed "Our Price" price was pervasive and continuous. (ECF No. 41 at ¶ 30). Plaintiff alleges that she

1 would not have purchased the Shirt but for the Defendants' alleged misrepresentation of the "Our Price" price and corresponding false discounts. *Id.* at ¶ 36. The facts alleged in the SAC are insufficient to suggest that Plaintiff would purchase another Polo Ralph Lauren retail item in the future. Accordingly, the Court finds that Plaintiff has failed to allege facts that would show that she faces a "real and immediate threat of repeated injury." *Bates*, 511 F.3d at 985. Plaintiff lacks Article III standing to seek injunctive relief. The motion to dismiss Plaintiff's request for injunctive relief is granted.

## V. Conclusion

IT IS HEREBY ORDERED that the motion to dismiss (ECF No. 42) filed by Defendants is granted in part and denied in part. The motion to dismiss is granted as to Plaintiffs' claims for injunctive relief under the UCL and denied in all other respects.

DATED: August 29, 2017

**WILLIAM Q. HAYES**
United States District Judge